Sandy Holt

Hellbent722@gmail.com

8952 Bluff Lane

Fair Oaks, CA 95628

916-495-1621

Plaintiff in Pro Se

**FILED**

JAN 2 3 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Sandy Holt,

          Plaintiff,

    v.

Nor Cal Towing and Transport, Inc.

          Defendant.

No. 2:25-cv. 0306 DCCSK ( PS/

**COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. 1983**

### I.    JURISDICTION

1. This court has jurisdiction under 28 U.S.C. 1331.  Federal question jurisdiction arises pursuant to 42 U.S.C. 1983.

### II.    VENUE

2. Venue is proper pursuant to 28 U.S.C. 1391 because the defendants towed plaintiff's vehicle from Sacramento County and plaintiff resides in Sacramento County.

### III.    PARTIES

3. Plaintiff, Sandy Holt's address is 8952 Bluff Lane, Fair Oaks, CA 95628.

4. Defendant's office is at 1449 Sacramento Avenue, West Sacramento, CA 95605 and is in Yolo County.  However, defendants take rotation calls from Sacramento County

1

which is the case with this incident concerning plaintiff's car.

5. Defendants are currently employed at Nor Cal Towing and Transport, Inc. as a towing company.

## IV.   STATEMENT OF FACTS

6. On December 23, 2023, Plaintiff's 2007 Dodge Charger SRT8 was towed from private property, an apartment building parking lot located at 12499 Folsom Boulevard in Rancho Cordova, CA in Sacramento County by defendants at the request of 2 Sacramento County Sheriff's deputies. Plaintiff arrived at the location of where the vehicle was parked before the tow truck driver attached the car to the tow truck and stated she would move the car. Plaintiff's request was ignored and car was loaded onto defendant's tow truck. Defendants were negligent in getting written authorization to tow from the property owner where car was parked, therefore illegally seizing plaintiff's car.

7. Defendants are responsible to notify the sheriff's office of when a towed vehicle is loaded and in transit to the tow yard within 30 minutes after they leave. The sheriff's department stated the time car was reported as in transit was 1710. Police reports indicate 1710 was when the defendants received the call to tow the vehicle. Entering statements into a legal record that are not factual constitutes falsification of a legal record and was done purposefully to deceive anyone who accesses that specific legal record.

8. Defendants were called by Sacramento County Sheriff's department to tow plaintiff's car. Defendants are responsible to know the law regardless of who contacts them. Defendants should have been aware of the law that states if the vehicle owner shows up before the car is attached to the tow truck, that the vehicle should be released immediately and unconditionally. This was not done. The vehicle was not a safety risk, was not blocking traffic, and was not parked in a fire lane, therefore defendants violated plaintiff's 4th, 8th, and 14th constitutional rights. These rights list only a few exceptions in which towing a vehicle is constitutionally permissible. These exceptions

2

include seizures to stop a crime, owners giving consent to tow, and to ensure public safety. None of these applied to the situation. Due to the complicity of the defendants being involved with the Sacramento County Sheriff's Department, who was acting under the color of law and was abusing their power, plaintiff had her car towed which has created a negative ripple effect to plaintiff.

9. Defendants by state law are supposed to provide plaintiff with storing agency information in case the tow is felt to be illegal. Information included should be the law enforcement agency to contact with questions and the number to contact them. The notice of stored vehicle given to plaintiff had no storing agency information provided, no signatures from anyone stating they had authorization to tow the vehicle, and the tow truck driver did not sign stating he took possession of the vehicle. However, defendants claim they have a carbon copy of the same paperwork given to plaintiff with signatures on it as well as storing agency information. Requests for copies of documents by plaintiff to defendants were refused 4 different times.

### CLAIM I

(Violation of civil rights: Unlawful seizure of property without a warrant and without due process.)

(Violation of 4th and 14th amendment, 42 U.S.C. 1983)

10. Plaintiff realleges paragraphs 1-9.

11. By doing the acts described above in paragraphs 6-9, defendants caused and/or permitted the violations of plaintiff's fourth and fourteenth amendment rights to be free of unlawful search and seizure and due process, therefore entitling plaintiff to recover damages pursuant to 42 U.S.C. 1983.

### CLAIM II

(Violation of civil rights: Cruel and unusual punishment, emotional distress, undue hardships, and abuse of power under color of law with complicity)

(Violation of 8th and 14th amendments, 42 U.S.C. 1983)

12. Plaintiff realleges paragraphs 6-9.

3

13. By doing the acts described above in paragraphs 6-9, defendants caused and/or permitted the violation of plaintiff's 8th and 14th amendment rights of cruel and unusual punishment, creating undue hardships and emotional distress with undue process under the color of law and abuse of power with complicity by towing plaintiff's care, therefore entitling plaintiff to recover damages pursuant to 42 U.S.C. 1983.

## CLAIM III

(Violation of civil rights: Falsification of legal records, failure to follow California State Law for notification requirements)

(Violation of 14th amendment, 42 U.S.C. 1983)

14. Plaintiff realleges paragraphs 6-9.

15. By doing the acts described above in paragraphs 6-9, defendants caused and/or permitted the violation of plaintiff's 14th amendment rights by entering false information into a legal document and failing to follow California State law concerning reporting requirements, therefore entitling plaintiff to recover damages pursuant to 42 U.S.C. 1983.

## CLAIM IV

(Violation of civil rights: discrimination, equal protection under the law)

(Violation of 14th amendment, 42 U.S.C. 1983)

16. Plaintiff realleges paragraphs 6-9.

17. By doing the acts described above in paragraphs 6-9, defendants caused and/or permitted the violation of plaintiff's 14th amendment rights by not allowing equal protection under the law and discriminating against plaintiff by towing her car, therefore entitling the plaintiff to recover damages pursuant to 42 U.S.C. 1983.

## REQUEST FOR RELIEF

WHEREFORE, the plaintiff requests:

18. Compensatory damages in the amount of 3 million dollars. This amount is given to deter any future civil rights violations by the defendants to any and all US citizens.

4

19. Immediate release of plaintiff's car and car returned to plaintiff by defendants at no charge.

20. Payment of 300.00 per day beginning on 12/23/23 until plaintiff's car returned to her as a daily penalty charge. No towing or storage fees should be charged to plaintiff.

21. After inspection done of vehicle before being released to plaintiff, if any damages of any kind have been done to the car or defendants have allowed the vehicle to be removed or allowed the disposal of vehicle, defendants will pay for vehicles replacement of any type of vehicle plaintiff desires and/or payment of damages done to vehicle.

22. Penalties for violating California State law at triple and quadruple the towing and storage charges pertaining to specific law violated beginning on 12/23/23 until vehicle is returned to plaintiff.

23. Any further relief the court may deem appropriate.

Dated:  January 21, 2025

By: Sandy Holt

Plaintiff in Pro Se