UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY HOLT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NOR CAL TOWING AND TRANSPORT, INC.,<br><br>　　　　Defendant. | Case No. 2:25-cv-00306-DC-CSK PS<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2) |

　　　　Plaintiff Sandy Holt is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

**I.　　MOTION TO PROCEED IN FORMA PAUPERIS**

　　　　28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff's IFP shows that she has a monthly income of $100. *See* ECF No. 2. Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See id.* However, the Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous and without merit because it fails to state a claim and lacks subject matter jurisdiction. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of the Complaint that this action is frivolous and is without merit as discussed in more detail below, the Court recommends denying Plaintiff's IFP motion.

## II. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

/ / /

### III. THE COMPLAINT

Plaintiff brings her Complaint against Defendant Nor Cal Towing and Transport, Inc. Compl. at 1 (ECF No. 1). Plaintiff also states that "Defendants are currently employed at Nor Cal Towing and Transport, Inc.," but Plaintiff does not name any other defendants in the Complaint. *Id.* ¶¶ 4, 5. Plaintiff alleges that on December 23, 2023, her vehicle was unlawfully towed by Defendant from private property at the direction of two Sacramento County Sheriff deputies. *Id.* ¶ 6. She states that she arrived at the location before the car was removed and said she would move the car, but her request was ignored. *Id.* Plaintiff brings four claims under 42 U.S.C. § 1983 for violation of the Fourth, Eighth, and Fourteenth Amendments. *Id.* ¶¶ 10-17. Plaintiff seeks damages and immediate release of her car. *Id.* ¶¶ 18-23.

The Court notes that Plaintiff has brought another case against the Sacramento County Sheriff's Department, Sheriff Jim Cooper, and the Sacramento Board of Supervisors that appears to arise out of the same incident where Plaintiff's car was towed on December 23, 2023. *Holt v. Sacramento Cnty. Sheriff Dept., et al.*, No. 2:24-cv-03256-DJC-CSK PS (E.D. Cal.) ("*Holt I*"). Plaintiff's initial complaint in *Holt I* was dismissed with leave to amend, and Plaintiff filed an amended complaint on May 22, 2025. *Holt I* is still pending.

### IV. DISCUSSION

#### A. Improper Defendant Under 42 U.S.C. § 1983

Plaintiff brings her constitutional claims under 42 U.S.C. § 1983, which provides a cause of action for the deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States by a person acting "under color of any statute . . . ." *Gomez v. Toledo*, 446 U.S. 635, 638 (1980). Section 1983 claims must demonstrate the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. *See Lindke v. Freed*, 601 U.S. 187, 194 (2024). Plaintiff brings her claims against Defendant Nor Cal Towing and Transport, Inc. Defendant appears to be a private entity, and

Plaintiff has not alleged otherwise.

Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). However, a private entity's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). To determine whether actions committed by private actors that allegedly caused the deprivation of a right are fairly attributable to the state, the court must determine whether the depriving party is "a person who may fairly be said to be a state actor." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (citation omitted). Courts have recognized four tests to determine whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test. *Franklin*, 312 F.3d at 445. Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists. *Lee v. Katz*, 276 F.3d 550, 554 (9th Cir. 2002). These factors are helpful to determine the significance of state involvement, but there is no specific formula to define state action. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999).

Under the public function test, private individuals or groups become agencies of the state when they are endowed by the state with powers or functions that are governmental in nature. *Lee*, 276 at 554-55. Under the joint action test, courts consider whether state officials and private parties have acted in concert, leading to a deprivation of plaintiff's constitutional rights. *Franklin*, 312 F.3d at 445. Under the state compulsion test, state action is found where the state has exerted coercive power such that the private actor's decision is considered that of the state. *Johnson v. Knowles*, 113 F.3d 1114, 1119 (9th Cir. 1997). Under the governmental nexus test, a private party acts under the color of state law if there is such a close nexus between the state and the private party's action that the action is considered that of the state. *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 995 n.13 (9th Cir. 2013).

Here, Plaintiff has not alleged sufficient facts to establish significant state involvement in Defendant's actions such that Defendant, a private party, can be considered a state actor. While Plaintiff stated that Defendant towed her car at the request of two sheriffs (Compl. at ¶ 6) and that Defendant was "complicit[]" with the Sacramento County Sheriff's Department (*id.* ¶ 8), this is not enough to allege state action. Plaintiff has not shown that Defendant acted in concert with the Sheriff's Department to deprive Plaintiff of her rights, or that the Sheriff's Department gave Defendant traditionally governmental rights. Nor has Plaintiff sufficiently alleged that the Sheriff's Department coerced Defendant to tow Plaintiff's car. Accordingly, Plaintiff's constitutional claims against Defendant must be dismissed.

### B. Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Plaintiff has not provided sufficient factual details to demonstrate that her vehicle was wrongfully towed by a state actor. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

The Complaint is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### C. Leave to Amend

In considering whether leave to amend should be granted, the Court considers that Defendant is not a state actor and the Complaint does not comply with the requirements of Federal Rule of Civil Procedure 8. Based on these deficiencies, it

appears granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995). The Court further notes that Plaintiff's first action arising out of the same nucleus of operative facts, *Holt I*, is still pending in this district court.

## V.    CONCLUSION

In accordance with the above, IT IS RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 3, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, holt.0306.25

7